IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LAURIE FLORI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-3021 |
| ) | |
| ROSEMARY THORNTON, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendants' Motion to Dismiss, Motion to Strike, and/or in the Alternative, Transfer Venue to the United States District Court for the Southern District of Illinois (d/e 11). For the reasons set forth below, the Motion is DENIED.

### STATEMENT OF FACTS

Plaintiff Laurie Flori alleges in the First Amended Compliant (d/e 9) that she resides in Carlinville, Illinois. She alleges that Defendant Rosemary Thornton resides in Godfrey, Illinois. Flori alleges that Rose Fuller is an alias for Thornton and, further, that Thornton operates Defendant Gentle Beam Publications as a sole proprietorship. Gentle Beam Publications is

1

located in Alton, Illinois.

In 2002, Thornton published a book through Gentle Beam Publications entitled <u>The Houses That Sears Built: Everything You Ever Wanted to Know About Sears Catalog Homes</u>.  In 2005, Flori published a book entitled <u>Additionally Speaking</u>.  The subtitle of <u>Additionally Speaking</u> is, "The saga behind the largest collective of Sears Homes in the world."  In November 2005 Flori sent a copy of her book to the Oprah Winfrey Show via Harpo Productions, Inc.

On January 4, 2006, Thornton, through counsel, sent a letter to Flori alleging that Flori had plagiarized Thornton's book.  The letter demanded that Flori refrain from selling her book.  Thornton also sent a copy of the letter to the legal department at Harpo Productions, Inc.  On January 17, 2006, Thornton, a/k/a Rose Fuller, sent a letter to the Wood River, Illinois, public library.  The letter stated that Flori's book contains extensive plagiarism and that Gentle Beam Publishing had started legal proceedings against Flori.  She enclosed a copy of her counsel's January 4, 2006, letter.  On January 21, 2006, Thornton went into the Carlinville, Illinois, public library and told a librarian that Flori stole paragraphs from Thornton's books.  On February 2, 2006, Thornton, a/k/a Fuller, sent a letter to the

2

Hillsboro, Illinois, public library in which she stated that Flori's book contained extensive and numerous plagiarisms of Rose Thornton's book and that Gentle Beam Publishing had started legal proceedings against Flori. She again enclosed a copy of her counsel's January 4, 2006, letter.

Flori alleges that Thornton's claims of plagiarism are false. Flori alleges that she has asked Thornton to retract her claims of plagiarism, but Thornton has not done so. Flori has now brought this action. She asks for a declaratory judgment that she is not infringing on Thornton's copyright, and also seeks damages for defamation. The Defendants move to dismiss or transfer the case to the Southern District of Illinois.

## ANALYSIS

For purposes of this Motion, the Court must accept as true all of Flori's well-pleaded factual allegations and draw all inferences in the light most favorable to Flori. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). Flori's First Amended Complaint should not be dismissed unless it appears beyond doubt that she can prove no set of facts that would entitle her to relief. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996). When read in the light most favorable to Flori, the

First Amended Complaint states a claim.

Flori first asks for a declaratory judgment stating that her book does not infringe on Thornton's copyright. A declaratory judgment is an appropriate remedy for a party that is accused of infringement. Millennium Products, Inc. v. Gravity Boarding Co., 127 F.Supp.2d 974, 979-80 (N.D. Ill. 2000). Courts often decline to exercise jurisdiction over such declaratory judgment actions if filed in anticipation of the other party's plan to file an infringement action and the infringement action is promptly filed thereafter. Tempco Electric Heater Corp. v. Omega Engineering, Inc., 819 F.2d 746, 747 (7th Cir. 1987); Successories, Inc., v. Arnold Palmer Enterprises, Inc., 990 F.Supp. 1044, 1046 (N.D. Ill. 1998). Flori arguably filed this action in anticipation of Thornton's threatened infringement action, but Thornton has not promptly filed the infringement action. There has been no showing that any such action has been filed. If such an action had been filed, Flori could resolve the dispute in that forum through that action. Since no such action has been filed, she may proceed with the declaratory judgment action to secure a resolution of this dispute. See Millennium Products, 127 F.Supp.2d at 978-79. The declaratory judgment action states a claim.

Flori also states a claim for defamation. To state a claim for

defamation, Flori must allege that Thornton made a false statement about Flori, Thornton made an unprivileged publication of the statement to a third party, and Flori was damaged by the statement. <u>Popko v. Continental Cas. Co.</u>, 355 Ill.App.3d 257, 261, 823 N.E.2d 184, 188 (2005). Flori has alleged these elements. She has alleged that: (1) Thornton, a/k/a Fuller, made a false statement that Flori plagiarized Thornton's book; (2) Thornton, a/k/a Fuller, published the statement to representatives of Harpo Productions, the Wood River public library, the Carlinville public library, and the Hillsboro public library; and (3) Flori has been damaged by the false statements. She states a claim.

Thornton argues that Flori alleges that Thornton's counsel made the defamatory statement, not Thornton. The Amended Complaint alleges that Thornton made the statements through counsel to Harpo Publications. Further, Thornton allegedly adopted the statements by sending her counsel's January 4, 2006, letter to the Wood River and Hillsboro libraries. That is sufficient at the motion to dismiss stage. Thornton argues that the statements are privileged statements made by counsel in anticipation of litigation. This privilege applies to communications between the disputing parties and their counsel, but does not extend to statements made to third

5

parties. Golden v. Mullen, 295 Ill.App.3d 865, 872, 693 N.E.2d 385, 390-91 (1997). Thus, the privilege does not extend to statements made to representatives of Harpo Productions, the Wood River public library, the Carlinville public library, and the Hillsboro public library. Thornton also argues that her statements were matters of opinion because she wrote in her letters to the Wood River and Hillsboro libraries that "we believe" Additionally Speaking contains plagiarism. Including a prefatory phrase like "we believe" or "in my opinion" will not transform a factual assertion into an opinion for Illinois defamation law. Republic Tobacco Co. v. North Atlantic Trading Co., Inc., 381 F.3d 717, 727 (7th Cir. 2004) (applying Illinois law). Thornton allegedly asserted that Flori plagiarized her book. The phrase "we believe" does not change that assertion into an opinion.

Thornton also argues that Flori is a public figure and so must prove malice. This is a factual issue that is not a proper bases for a motion to dismiss. Thornton last argues that Flori must plead with greater specificity. The allegations in the First Amended Complaint are sufficient for federal notice pleading standards. Fed. R. Civ. P. 8(a). Flori states a claim.

In the alternative, Thornton asks the Court to transfer venue to the Southern District. Venue is proper, inter alia, where a substantial part of

the alleged tortious acts occurred. 28 U.S.C. § 1391. Thornton allegedly defamed Flori in both Carlinville and Hillsboro, Illinois. Both of these cities are in this District. Venue is proper in this District. It is true that the venue chosen by the party alleging infringement in an infringement action should generally be preferred over the venue chosen by the alleged infringer for a declaratory judgment action. E.g., Successories, Inc., 990 F.Supp. at 1047. Thornton, however, has not filed an infringement action. Thus, these cases do not apply. Venue will remain in this Court.

THEREFORE, Defendants' Motion to Dismiss, Motion to Strike, and/or in the Alternative, Transfer Venue to the United States District Court for the Southern District of Illinois (d/e 11) is DENIED. The Defendants are directed to answer the First Amended Complaint by July 10, 2006.

IT IS THEREFORE SO ORDERED.

ENTER: June 19, 2006.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE